**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES LUCARELLI,** | : | **Civil No. 1:13-CV-2412** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Jones)** |
| | : | |
| **THOMAS BELTZ, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of The Case

This is a *pro se* civil rights case filed by the plaintiff, Charles Lucarelli, on September 19, 2013.  (Doc. 1)  Lucarelli is a familiar, if often unsuccessful, litigant in federal court, who has had some 16 prior lawsuits dismissed by the Court.  In the instant complaint, Lucarelli alleges in a colloquial and  conversational fashion that he received a citation from a state trooper on or about March 14, 2013.  (Doc. 1, ¶ 1) According to Lucarelli, later that same day, a state trooper removed the license plate from his vehicle.  (Id., ¶ 5).  Lucarelli then rented a room at the Hampton Inn, a motel managed by defendant Lori Belletieri.  (Id., ¶ 7).  This assertion that Belletieri managed the Hampton Inn seems to be the only well-pleaded allegation made by Lucarelli against this defendant.

Lucarelli alleges that a short time after renting this room, officers from the Franklin Township Police Department came to his motel room, (Id., ¶ 8), stating that they had been told by "the Hampton Inn" that Lucarelli was drunk and disorderly. (Id., ¶ 8)  Lucarelli then claims that these unnamed officers forced him to take an alcohol test in his room.  (Id., ¶ 8)  Specifically Lucarelli explained that:  "Mr. Lucarelli alleges both police and Hampton Inn were in complicity in a reuse [sic]. Plaintiff under false imprisonment, defamed Plaintiff and harassed Plaintiff." (Id., ¶ 11)  Lucarelli then averred that:  "Cops saying if I come out of hotel room Ill [sic] be arrested.  The hotel is watching me Defendant cops said.  On top of that wanted to take me to hospital for blood." (Id., ¶ 12).  Indeed, according to Lucarelli:  "The Defendant cops came at me in my hotel like a SWAT team.  One cop was in civilian clothes, built like Hernandez of Boston Patriots, the other, the mouthy one, was middle aged, average build in a cop jacket.  Allegedly to cover his name tag." (Id., ¶ 14)

After making these factual assertions, Lucarelli then addressed the alleged conduct of the police in a more rhetorical fashion stating:  "Cops said I had alcohol in the bathroom.  I think Franklin Township should change uniforms and put brown shirts on.  In my domicile what right do the Franklin Township cops have to say what plaintiff has in his room.  Now look.  Plaintiff has just paid over $140.  At the

Hampton Inn, managed by Lori Belletieri.  Plaintiff had no alcohol in room.  What if I did hypothetically?  Is the Hampton Inn a part of Franklin Township Police Department?  What right does defendant Franklin Police have to force a U.S. citizen to take an alcohol test in plaintiff's hotel room?  Harassing me of am I on pills?  Saying where are the pills in my room?  Allegedly Hampton Inn is in complicity with the cops to act this way." (Id.,¶ 17).  On the basis of this recital Lucarelli then sought damages totaling $2,000,000 from the defendants.  (Id.)  While reciting these facts relating to alleged conduct of these unidentified police officers, Lucarelli's complaint was devoid of any well-pleaded facts relating to the involvement of defendant Belletieri beyond a general assertion that:  "Defendant Hampton Inn, Lori Belletieri and Franklin Township Police under Chief Thomas Beltz allegedly were together to violate plaintiff's Civil Rights to roam free and be silent and violate his domicile rights to privacy.  Harassing plaintiff threatening to arrest if I left my Hampton Inn room.  False imprisonment violations with intent to violate my Civil Rights." (Id., ¶ 16)

Defendant Belletieri, has now moved to dismiss this complaint, arguing that Lucarelli has failed to state well-pleaded facts giving rise to supervisory liability against a private person for federal civil rights violations.  (Docs. 18 and 21)  The deadline for responding to this motion has now passed, and while Lucarelli has filed

a document we will construe as a response to the motion, (Doc. 22), much of his responsive pleading seems unresponsive to the defendant's legal arguments. Instead, the thrust of Lucarelli's claim seems to be that the Court has erred in failing to grant him a default judgment. Having received this submission from the plaintiff, we will deem this motion to dismiss to be ripe for resolution. For the reasons set forth below, we recommend that the Court dismiss the claims lodged against defendant Belletieri for failure to presently state a claim upon which relief can be granted.

## II.   Discussion

### A.   Motion to Dismiss–Standard of Review

Defendant Belletieri has moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in

<u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter <u>Iqbal</u>. when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.'  <u>Iqbal</u>, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.'  <u>Id.</u> at 1950.  Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.'  <u>Id.</u>" <u>Santiago v. Warminster Tp.</u>, 629

F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's

rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., <u>Moss v. United States</u>, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); <u>Radin v. Jersey City Medical Center</u>, 375 F. App'x 205 (3d Cir. 2010); <u>Earnest v. Ling</u>, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); <u>Oneal v. U.S. Fed. Prob.</u>, CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); <u>Gearhart v. City of Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).

## B. Lucarelli's Current Complaint Fails to State Any Claims Against Defendant Belletieri

In this case Lucarelli has named Lori Belletieri, a private person who manages a Hampton Inn, as a defendant in a federal civil rights lawsuit, but has not pleaded any facts relating to this defendant beyond an assertion of some sort of supervisory liability based upon her status as the manager of the Hampton Inn.

This claim fails for at least two reasons. First, it is well-established that 42 U.S.C. § 1983, the principal federal civil rights statute, does not by its own force create new and independent legal rights to damages in civil rights actions. Rather,

§ 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law.  The two essential elements of a § 1983 action are:  *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are

state actors. <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).  In this case, Lucarelli has named a private person as a federal civil rights defendant.  Since the federal civil rights statutes do not reach the actions of private persons, like Ms. Belletieri, this claim fails and should be dismissed.

Moreover, constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009); <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005); <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286 (3d Cir. 1997).  Here, Lucarelli's complaint does little more than name Ms. Belletieri, a supervisor at the Hampton Inn, in the caption of the case, and then seeks to hold her personally liable based upon her supervisory status at this motel, without making any specific factual allegations about her conduct in the body of this pleading.  To the extent that Lucarelli simply premises the liability of defendant Belletieri upon her supervisory status at the Hampton Inn without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison supervisor and compels dismissal of this defendant.  <u>Hudson v. City of McKeesport</u>, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

In sum, as presently drafted, the plaintiff's claims against defendant Belletieri consists of little more than assertions of *respondeat superior* liability against a private party, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, defendant Belletieri is entitled to be dismissed from this case.

### C.   This Court Should Not Exercise Supplemental Jurisdiction Over Any Remaining Potential Ancillary State Law Claims

Further, we note that this proposed disposition of the plaintiff's primary legal claims against defendant Belletieri, in turn, suggests the appropriate course for the court to follow in addressing any ancillary state law claims that the plaintiff may wish to pursue against this defendant. In a case such as this, where the jurisdiction of the federal court was premised on alleged federal claims which are found on an initial review to be subject to dismissal, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims)." Bronson v. White  No. 05-2150, 2007 WL 3033865, *13 (M.D.Pa.

Oct. 15, 2007)(Caputo, J.)(adopting report and recommendation dismissing ancillary malpractice claim against dentist); see Ham v. Greer, 269 F. App'x 149, 151 (3d Cir. 2008)("Because the District Court appropriately dismissed [the inmate's] Bivens claims, no independent basis for federal jurisdiction remains.  In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims.  28 U.S.C. § 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir.1976).")  Therefore, it is recommended that any pendent state law tort claims also be dismissed, since this complaint fails on its face to state any viable federal cause of action.

### D.   The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken

In addition, this Court should strike Lucarelli's claim for $2,000,000 in unliquidated damages from this *pro se* complaint.  In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.   Singh v.

<u>Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984).   In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*  The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

We are mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  However, in this case,

Lucarelli's complaint against this private individual, defendant Belletieri, is flawed on multiple scores that are not subject to correction through amendment of pleadings. Therefore, amendment of this complaint with respect to defendant Belletieri would be futile, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), and it is recommended that the complaint against this defendant be dismissed with prejudice.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss plaintiff's complaint filed by defendant Belletieri, (Doc. 18),be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 31st day of January, 2014.


                                        ***S/Martin C.  Carlson***              
                                        Martin C. Carlson
                                        United States Magistrate Judge